# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| KEVIN D. SMITH, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 13-1238-CV-W-DGK-P |
| RHONDA PASH, | ) ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS, AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, Kevin Smith, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 on December 20, 2013, seeking to challenge his 2007 convictions and sentences for two counts of first-degree tampering with a motor vehicle, felony stealing, misdemeanor stealing, and unlawful use of drug paraphernalia, which were entered in the Circuit Court of Lafayette County, Missouri.

The petition raises fifteen Grounds for relief: (1) insufficient evidence to convict; (2) ineffective assistance of trial counsel for failing to quash the venire panel or request a curative instruction, failing to ask follow up questions of a venireman, failing on multiple occasions to request a mistrial and ineffective assistance of appellate counsel for failing to raise these issues on appeal; (3) ineffective assistance of trial counsel for eliciting testimony from a DNA expert that was favorable to the state; (4) ineffective assistance of trial counsel for failing to request a mistrial for the state's improper closing argument; (5) trial court error for failing to read MAI-CR 300.04 at the first recess of the venire panel; (6) trial court error for sentencing petitioner as a prior and persistent offender because the predicate offense was itself enhanced improperly; (7) ineffective assistance of trial counsel for failing to file a motion to suppress; (8) ineffective

assistance of trial counsel for failing to investigate petitioner's case; (9) ineffective assistance of trial counsel for failing to object to the lack of preliminary hearing; (10) ineffective assistance of trial counsel for failing to move to quash the charging document or inform the trial court that it lacked jurisdiction; (11) ineffective assistance of trial counsel for failing to inform the court that petitioner did not receive discovery; (12) ineffective assistance of appellate counsel for failing to brief the trial court's lack of jurisdiction; (13) ineffective assistance of appellate counsel for failing to raise prosecutorial misconduct in calling petitioner a thief; (14) ineffective assistance of appellate counsel for failing to raise trial court error in refusal to strike hearsay testimony; and (15) ineffective assistance of appellate counsel for failing to raise trial court error in denying a continuance and failing to grant a mistrial at voir dire.

Respondent contends that Grounds 1-3 are meritless and that Grounds 4-15 are procedurally barred and, alternatively, are also meritless.

## FACTUAL BACKGROUND

The Missouri Court of Appeals summarized the facts as follows:

> On May 30, 2006, the owners of Vahrenberg Implements (a business specializing in farm equipment and located in Higginsville, Missouri) arrived at their place of business and discovered that several tools and other items had been removed from a company-owned pick-up truck parked in the business's parking lot. The steering column of the truck had been pried apart, as if someone had attempted to operate the truck without a key. One of the owners contacted the police to report the apparent theft and vandalism.
>
> Meanwhile, the local police captain responded to a call regarding an intoxicated individual walking in traffic. The individual was identified as [petitioner], and he was found walking in the roadway, carrying a can of beer and a duffel bag. The duffel bag was partially unzipped, revealing several tools inside. Upon request, [petitioner] consented to a search of his duffel bag. The bag contained tools, a green umbrella, an emergency hazard light, a flashlight, and a crack pipe. [Petitioner] also had a pawn ticket, bearing his name and birth date and indicating that, earlier that day, [petitioner] had pawned a toolbox and

several tools. Some of the tools in the duffel bag, along with the pawned toolbox and tools, were positively identified by one of the Vahrenberg owners as items removed from their truck.

That same day, local law enforcement officers were also investigating the theft of a maroon Buick sedan. When the Buick was reported stolen the owners indicated that there had been a green umbrella, "a triangle for like a hazard kit," and a flashlight inside the car. The owners later positively identified the items found in [petitioner's] duffel bag as the ones that had been in their car.

The Buick was recovered that same day after being abandoned behind a local business. Like the Vahrenberg truck, the Buick's steering column was damaged, and it appeared that the ignition had been "jimmied." [Petitioner's] fingerprints were found on the inside of the driver's window, the DNA extracted from cigarette butts found in the car was consistent with [Petitioner's] profile. Following [petitioner's] arrest, an officer, who had been on patrol that morning, recalled seeing [petitioner] narrowly avoid a collision with an oncoming vehicle while driving a maroon Buick.

The State charged [petitioner] with two counts of first-degree tampering (one for the truck and one for the Buick), felony stealing, misdemeanor stealing, and possession of drug paraphernalia. The jury convicted [petitioner] of all counts, and the court sentenced him (as a persistent offender) to twenty years' imprisonment.

This Court affirmed [petitioner's] convictions and sentences on direct appeal. State v. Smith, 241 S.W.3d 864, 865 (Mo. App. W.D. 2008). [Petitioner] filed a Rule 29.15 motion for post-conviction relief, and the motion court set aside [petitioner's] felony stealing conviction after finding trial counsel ineffective for failing to call an appraisal expert to testify to the value of the stolen items. Smith v. State, 343 S.W.3d 766, 767 (Mo. App. W.D. 2011). The motion court, however, denied [petitioner] relief on the remainder of his claims, including the two claims of ineffective assistance of trial counsel he asserts now. Id. On appeal, this Court determined that the motion court's findings of fact and conclusions of law pertaining to the denied claims were insufficient to permit meaningful appellate review. Id. at 768. Thus, we reversed and remanded instructing the motion court to enter sufficient findings and conclusions pursuant to Rule 29.15(j). Id. at 768-69.

On remand, the motion court entered specific findings, determining that counsel's decision not to object to the various references to [petitioner's] alleged prior bad acts was a matter of reasonable trial strategy and that [petitioner] did not suffer any prejudice

>      from counsel's decision. Similarly, the motion court found that counsel's decision to ask, on recross-examination, the question of the State's DNA expert that elicited evidence favorable to the State was a matter of reasonable trial strategy that resulted in no prejudice to [petitioner].

(Doc. No. 8, Respondent's Exhibit O, pp. 2-4) (internal footnotes omitted).

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc 1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[1] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## **PROCEDURAL DEFAULT**

Respondent contends that Grounds 4-15 are procedurally barred, and should be dismissed.

The record reflects that petitioner raised Grounds 4-7 in his amended motion for post-conviction relief and the court denied them on the merits. However, petitioner failed to raise Grounds 4-7 on post-conviction appeal. Petitioner asserts that post-conviction appeal counsel failed to raise them in his post-conviction appeal.

The record also reflects that petitioner raised Grounds 8-15 in his amended motion for post-conviction relief, and the trial court denied them on the merits. Petitioner failed to raise

---

[1] "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

them on post-conviction appeal. However, he provides no explanation for his default as to those grounds.

A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 752 (1950). A petitioner "may establish cause for a procedural default . . . in two circumstances: where the state courts did not appoint counsel in the [initial post-conviction] proceeding for an ineffective-assistance-at-trial claim; and where appointed counsel in the [initial post-conviction] proceeding . . . was ineffective under Strickland v. Washington, 466 U.S. 668 (1984)." Martinez v. Ryan, 132 S. Ct. 1309, 1312 (2012).

"In order for ineffective assistance of counsel to itself be cause to excuse a procedural default, the ineffective assistance must rise to the level of an independent constitutional violation." Evans v. Luebbers, 371 F.3d 438, 445 (8th Cir. 2004) (citing Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000). "Thus, the assistance rendered must have been constitutionally substandard and prejudice must have resulted therefrom." Evans, 371 F.3d at 445 (citing Strickland, 466 U.S. at 687). Therefore, "[t]o overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the [underlying] claim has some merit." Martinez, at 1318.

In his reply (Doc. No. 12), petitioner attempts to demonstrate cause for his procedural default under Martinez by stating that his post-conviction appeal counsel was ineffective because he refused to raise all fifteen claims in the appeal of the denial of his motion for post-conviction

relief.  However, because <u>Martinez</u> only applies to initial post-conviction proceedings, this assertion could only excuse the default of the claims which were not raised in the amended post-conviction motion.  Because Grounds 4-15 were raised in his amended post-conviction motion, and as such, were not defaulted during the initial post-conviction proceeding, <u>Martinez</u> is not applicable.

Further, "[j]udicial scrutiny of counsel's performance must be highly deferential.  It is all too tempting for a defendant to second-guess counsel's assistance...." <u>Strickland v. Washington</u>, 466 U.S. 668, 689 (1984).  There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Id</u>.

Even if Martinez were applicable, applying the <u>Strickland</u> standard, petitioner fails to establish that post-conviction appeal counsel's choice to not raise meritless claims on post-conviction appeal was substandard or to establish that these claims did in fact have merit and he was prejudiced as a result of his counsel's substandard decision.  Consequently, petitioner fails to establish cause for the procedural default of Grounds 4-15.

Petitioner also has failed to show that a fundamental miscarriage of justice will result if his defaulted claims are not considered.  See <u>Abdi v. Hatch</u>, 450 F.3d 334, 338 (8th Cir. 2006) (petitioner must present new evidence that affirmatively demonstrates that he is actually innocent of the crime for which he was convicted in order to fit within the fundamental miscarriage of justice exception), <u>cert</u>. <u>denied</u>, 549 U.S. 1036 (2006).  Consequently, Grounds 4-15 are procedurally barred and will be denied.

## GROUND 1

In Ground 1, petitioner asserts that there was insufficient evidence to convict him at trial. Petitioner did not raise this claim as to Count 2 (first-degree tampering) on direct appeal, and

therefore, as it regards Count 2, his claim is procedurally defaulted. Petitioner provides no explanation for this default. Respondent also contends that Ground 1 is meritless.

Constitutionally sufficient evidence exists to support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Petitioner raised this claim as to Count 1 on direct appeal, and the state appellate court denied it as follows:

**Standard of Review**

> When a criminal defendant challenges the sufficiency of the evidence to support his conviction, our review is limited to determining whether sufficient evidence was admitted at trial from which a reasonable trier of fact could have found each element of the offense to have been established beyond a reasonable doubt.

> State v. Chavez, 128 S.W.3d 569, 573 (Mo. App. W.D. 2004). "In making that determination, we must review the evidence and all reasonable inferences drawn therefrom in the light most favorable to the verdict and disregard all evidence and inferences to the contrary." Id. However, we "may not supply missing evidence, or give the [State] the benefit of unreasonable, speculative, or forced inferences." State v. Whalen, 49 S.W.3d 181, 183 (Mo. banc 2001) (internal citation omitted).

**Analysis**

> To secure a conviction for tampering in the first degree the State must prove beyond a reasonable doubt: "(1) that the defendant knowingly receives, possesses, sells, alters, defaces, destroys, or unlawfully operates (2) an automobile (3) without the consent of the owner." State v. Kelley, 901 S.W.2d 193, 202 (Mo. App. W.D. 1995). See also RSMO § 569.080 (Cum. Supp. 2006). [Petitioner] claims that the conviction for tampering with the Vahrenberg's truck was improper because there was no direct evidence that he altered or defaced the truck. We disagree; the State presented sufficient circumstantial evidence of [petitioner's] culpability. "In a first-degree tampering case, the State need not adduce direct evidence establishing the defendant's culpability, but may instead rely on

circumstantial evidence to prove the elements of the crime charged." State v. Burse, 231 S.W.3d 247, 254 (Mo. App. E.D. 2007).

Police found [petitioner] with property stolen from the truck and there was strong evidence that he stole another vehicle. The jury could have inferred that [petitioner] had the intention to steal a vehicle because he stole the Wandells' car. Moreover, the damage done to the Wandells' car, where [petitioner] left conclusive DNA and fingerprint evidence, fit the same pattern of damage done to the Vahrenberg's truck. Both the steering column in the car and the steering column in the truck were damaged in a similar manner. When these pieces of evidence are assembled, it is clear that the state presented sufficient evidence to permit a finding that [petitioner] defaced or altered the Vahrenberg's truck.

The inference of guilt in the current case is analogous to that in State v. Reed, 714 S.W.2d 913 (Mo. App. S.D. 1986). There, police discovered a slaughterhouse had been burgled of two sides of beef and approximately 250 pounds of frozen meat. Id. at 914. The defendant was found soon thereafter with blood spattered clothes and several packages of frozen meat in the bed of the truck. Id. At 915. The interior of his truck also smelled like a slaughterhouse. Id. at 914. The Southern District found that the evidence was sufficient for the burglary conviction despite the absence of direct evidence that the defendant actually entered the slaughterhouse. Id. at 916.

Similarly, we have no direct evidence that [petitioner] was the person who damaged the truck's steering column. Nevertheless, the cumulative effect of the evidence presented, along with all reasonable inferences, was sufficient to make a submissible case. [Petitioner], like the defendant in Reed, is connected to the crime scene by possessing stolen property recently taken from the crime scene.

While "[e]vidence that an accused had an opportunity to commit a crime, or which merely raises a suspicion and gives rise to conjecture, is insufficient as the basis for a judgment of conviction," the State presented sufficient additional evidence in the current case. State v. Castaldi, 386 S.W.2d 392, 395 (Mo. 1965). The State demonstrated intent, opportunity, and a personal connection to the scene of the crime. Based on the fact that [petitioner] was carrying items stolen from the truck when he was arrested, the jury was at liberty to conclude that [petitioner] was in the truck. Based on the fact that [petitioner] stole the Wandell's car by "popping" the steering column, the jury was at liberty to conclude that [petitioner] intended to steal a vehicle. When combining these two facts with the particular type of damage done to the truck's column, we conclude that the State presented sufficient evidence

that [petitioner] was the individual who damaged the interior of Vahrenberg's truck.

(Doc. No. 8, Respondent's Exhibit G, pp. 4-6).

Because the state courts' determinations were not based upon "unreasonable determination[s] of the facts in light of the evidence presented in the State court proceeding[]s" or "an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" 28 U.S.C. § 2254(d)(1) and (2), Ground 1 will be denied, with prejudice.[2]

## **GROUNDS 2 & 3**

In Ground 2, petitioner asserts that trial counsel was ineffective for failing to quash the venire panel or request a curative instruction, failing to ask follow up questions of a venireman, failing on several occasions to request a mistrial, and ineffective assistance of appellate counsel for failing to raise these issues on direct appeal. Petitioner failed to raise Ground 2 insofar as it concerns appellate counsel in his post-conviction relief proceedings, and he has failed to provide an explanation for his default. Consequently this claim is procedurally defaulted. Petitioner did raise the claim as it pertains to trial counsel on appeal from the denial of post-conviction relief.

In Ground 3, petitioner asserts that trial counsel was ineffective for eliciting unhelpful testimony. Petitioner did raise Ground 3 on appeal from the denial of post-conviction relief. Respondent contends that petitioner's claims are meritless.

---

[2] According to the concurrence of Justice O'Connor, joined by four other members of the Court, "under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams v. Taylor, 529 U.S. 362, 412-13 (2000).

In order to succeed on a claim of ineffective assistance of counsel, petitioner must establish that: (1) his counsel's performance was unreasonable as viewed in the totality of the circumstances; and (2) his defense was prejudiced by counsel's action in that there is a reasonably probability that, but for counsel's unprofessional acts, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 694-95 (1984); Schaeffer v. Black, 774 F.2d 865, 867 (8th Cir. 1985). Reasonably effective assistance of counsel may be defined as the skill and diligence that a reasonably competent attorney would exercise under similar circumstances. See, e.g., Strickland v. Washington, 466 U.S. at 687-90. Judicial scrutiny of counsel's performance must be highly deferential, id. at 689, and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

On appeal from the denial of his Rule 29.15 motion, the Missouri Court of Appeals disposed of petitioner's claims as follows:

> "To establish ineffective assistance of counsel meriting post-conviction relief, the movant must satisfy the two-prong test of Strickland v. Washington." Deck, 381 S.W. 3d at 343 (internal citation omitted). "First, the movant must show that counsel's performance was deficient by falling below an objective standard of reasonableness." Id. "If counsel's performance was deficient, the movant must then prove that he was prejudiced by counsel's deficiency." Id. "Prejudice, in the Strickland context, is defined as a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (quoting Strickland v. Washington, 466 U.S. 668, 694 (1984)). "A reasonable probability" is a probability sufficient to undermine confidence in the outcome." Id. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Strickland, 466 U.S. at 687. Consequently, "[i]f the ineffectiveness claim can be disposed of because of lack of sufficient prejudice, that course should be followed." Taylor v. State, 382 S.W.3d 78, 81 (Mo. banc 2012).

> "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Strickland, 466 U.S. at 693. Where evidence of the defendant's guilt is overwhelming, he cannot demonstrate "a reasonable probability that but for counsel's alleged errors the result of the proceeding would have been different." Taylor, 382 S.W.3d at 81.
>
> Here, the evidence of [petitioner's] guilt was overwhelming, and there is no reasonable probability that counsel's alleged errors—if errors at all—affected the result of [petitioner's] trial. [Petitioner] was convicted of tampering with a car in which his fingerprints and DNA were located and that he had been seen driving earlier that day. [Petitioner] was also found carrying items from the same car. When he was found by police, [petitioner] had on him several tools that he was charged with stealing from the truck he was convicted of tampering with, along with a receipt from a pawn shop bearing [petitioner's] name and birth date that was given to him in exchange for other tools he was charged with stealing that also came from the same truck. In short, there is simply no reasonable probability of a different outcome in the absence of counsel's alleged errors. [Petitioner] failed to demonstrate any Strickland prejudice. And, as such, we need not consider whether counsel's performance can properly be characterized as deficient.

(Doc. No. 8, Respondent's Exhibit O, pp. 7-8)

Because the state courts' determinations were not based upon "unreasonable determination[s] of the facts in light of the evidence presented in the State court proceeding[]s" or "an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" 28 U.S.C. § 2254(d)(1) and (2), Grounds 2 and 3 will be denied, with prejudice.

## CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied.

See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is denied; the issuance of a certificate of appealability is denied; and this case is dismissed with prejudice.

                                                /s/ Greg Kays
                                                GREG KAYS
                                                CHIEF UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: April 27, 2015.